21703

MERCHANTS MUTUAL INSURANCE COMPANY, Respondent, v.
SOUTH CAROLINA SECOND INJURY FUND, Appellant.

(291 S. E. (2d) 667)

*Atty. Gen. Daniel R. McLeod* and *Senior Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for appellant.*

*Richardson, Plowden, Grier & Howser,* Columbia, *for respondent.*

May 6, 1982.

GREGORY, Justice:

This is a workmen's compensation case. The South Carolina Second Injury Fund (the Fund) appeals the order of the Circuit Court awarding reimbursement to respondent Merchants Mutual Insurance Company. The main issue is whether respondent is barred from reimbursement due to

failure to comply with the statutory requirements. We reverse.

An employee of Santee Cement Carriers, Inc., an insured of respondent, was injured in a truck accident on March 13, 1975. He was examined by Dr. Thompson on June 23, 1975, who found deterioration of the employee's hip due to sickle cell disease and his recent accident. Employee filed a claim for workmen's compensation benefits on July 25, 1975. This resulted in two hearings.

The first hearing was limited to the employee's contest of the claim on the ground that the employee was not acting within the scope and course of his employment at the time of his injury. On August 30, 1976, the Circuit Court affirmed the Industrial Commission's finding that the employee was acting within the scope of his employment at the time of the injury.

Employer's counsel received Dr. Thompson's medical report on October 1, 1975, and deposed Dr. Thompson on December 13, 1976. On January 14, 1977, notice of a possible claim was filed with the Second Injury Fund.

A second hearing was held on February 4, 1977, on the issue of disability. A ruling that the employee was temporarily totally disabled was affirmed by the Industrial Commission in April 1977.

The carrier filed a claim for reimbursement with the Fund on May 24, 1977. The Fund contended § 72-601(f) of the South Carolina Code of Laws (1962)[1] barred recovery because neither.the employer nor the carrier notified the Commission or the Fund of any possible claim within seventy-eight weeks after injury. The single commissioner found the claim was not barred by § 72-601(f). The full commission affirmed by a divided vote and on appeal the Circuit Court affirmed. The Fund appeals.

---

[1] The statute was amended on May 4, 1976, after the injury but before the ruling by the Industrial Commission as to the disability of the employee. The amendment changed the requirement that the Fund or the commission be notified no later than seventy-eight weeks after the injury or death to the requirement that notification be made no later than after payment of the first seventy-eight weeks of compensation.

The first issue to consider is whether the lower court erred in holding that § 72-601(f) of the Code did not bar respondent's claim because respondent gave notice of a possible claim within seventy-eight weeks *after acquiring knowledge of the injury being related to a pre-existing disease.* (Emphasis added.)

Section 72-601(f) of the Code, as in effect on the date of injury provides:

"An Employer or his carrier shall notify the Industrial Commission and the Director of the Fund as soon as practicable, *but in no event later than seventy-eight weeks after the injury or death.*" (Emphasis added.)

In construing a statute, the Supreme Court's purpose is to ascertain the intention of the legislature. See cases cited in S. C. Digest, *Statutes, Keynote* 181(1). It is well established that the language in a statute shall be given its plain and ordinary meaning. It is clear that the statute requires notice to the Industrial Commission and the Fund of any possible claim no later than seventy-eight weeks after the injury or death. Failure to comply with the statutory requirement results in loss of right to reimbursement.

Respondent urges the Court to adopt the discovery rule in this case as did the lower court. This rule has been adopted in professional malpractice cases and workmen's compensation cases involving occupational diseases. The reasoning is that it would be inequitable to bar a claim of which one had no knowledge before the limitations period had run. *Mills v. Killian,* 273 S. C. 66, 254 S. E. (2d) 556 (1979); *Drake v. Raybestos-Manhattan, Inc.,* 241 S. C. 116, 127 S. E. (2d) 288 (1962). But, the discovery rule does not apply to *all* claims of which one has no knowledge before the limitations period has run. See *Ashe v. Rock Hill Hardware Co.,* 219 S. C. 159, 64 S. E. (2d) 396 (1951). There must be some finality with a limitations period, and unless the legislature extends the period by including the discovery rule, we believe the better view is not to read it into a statute of this nature.

The next issue is whether § 72-601(f) as amended May 4, 1976, § 42-9-400 of the South Carolina Code of Laws (Cum. Supp. 1980) should apply retroactively.

The presumption is that statutory enactments are prospective absent clear legislative intent or specific provision to the contrary, however, a remedial or procedural statute is generally held to be retroactive. Thus, two questions are raised. First, we must determine whether the amendment is remedial or procedural. A statute of limitations period affects the remedy, not the right, *Hercules, Inc. v. South Carolina Tax Commission*, 274 S. C. 137, 262 S. E. (2d) 45 (1980); *Webb v. Greenwood County*, 229 S. C. 267, 92 S. E. (2d) 688 (1956), however, a statute which creates a new liability and fixes the time within which that action may be commenced is not a statute of limitations. The time factor is "an inherent element of the right so created, and the limitation of the remedy is a limitation of the right." *Hemingway v. Shull*, 286 F. Supp. 243, 246 (D. S. C. 1968). Here, we are not dealing with a remedial or procedural statute, but rather a statute which creates a right with a condition which must be met before the right to reimbursement attaches. Since the limitation affects the right, it will normally not be applied retroactively. The next question is whether there is clear legislative intent or specific provision indicating the statute shall be retroactive. We find none. Therefore, we conclude the amended statute shall not be applied retroactively.

Because of our disposition of this matter, we need not consider appellant's other assignments of error.

Accordingly, the judgment is reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.