21936

SOUTHEASTERN FREIGHT LINES, Plaintiff, v. MICHELIN TIRE COR-
PORATION and La Manufacture Francaise Des Pneumatiques Michelin,
Defendants; and Maudell H. FALLAW, Plaintiff, v. MICHELIN TIRE
CORPORATION and La Manufacture Francaise Des Pneumatiques
Michelin, Defendants; and Fletcher L. FALLOW, Plaintiff, v. MICHEL-
IN TIRE CORPORATION and La Manufacture Francaise Des Pneumati-
ques Michelin, Defendants.

(303 S. E. (2d) 860)

*Cody W. Smith, Jr.,* of *Solomon, Kahn, Smith & Baumil,*
Charleston, *for plaintiffs.*

*Wade H. Logan, III,* of *Holmes, Thomson, Logan & Cantrell,*
and *Joseph R. Young,* of *Young, Clement, Rivers & Tisdale,*
Charleston, and *John M. Kenney* of Garden City, N. Y., *for
defendants.*

*H. Fred Kuhn, Jr.,* of *Moss, Bailey, Dore & Jessee,* Beaufort,
and *Thomas D. Rogers* of *Howe & Bundy,* Charleston, *amicus
curiae for South Carolina Trial Lawyers Ass'n.*

*Stephen G. Morrison* of *Nelson, Mullins, Grier & Scar-
borough* and *Charles E. Carpenter, Jr.,* of *Richardson,
Plowden, Grier & Howser,* Columbia, *amicus curiae for South
Carolina Defense Trial Attys. Ass'n.*

June 8, 1983.

GREGORY, Justice:

Under Rule 46 of the Rules of Practice of the South Carolina Supreme Court, the following question has been certified to this Court by the United States District Court for the District of South Carolina: "To what extent, if any, does the increased interest rate provided by S. C. Code Ann. § 34-31-20, as amended, apply to judgments entered before the effective date of said amendment but not satisfied until after that date?" We hold the increased interest rate will apply from the effective date of the amendment to all outstanding judgments. Thus, on judgments entered before June 9, 1982 but not satisfied until after that date the old rate of 8¾ % applies until June 9, 1982 and the new rate of 14% thereafter until satisfied.

On March 31, 1981, plaintiffs were awarded judgments against defendants in amounts totalling $1,370,500.00. At that time, Section 34-31-20 of the Code provided for an interest rate of 8¾ % per annum on judgments. Defendants paid the entire principal plus interest at that rate on October 27, 1982. Partial satisfactions of judgment were filed that day.

Before this payment was made, Section 34-31-20 of the Code was amended, effective June 9, 1982, and now provides in pertinent part:

> (B) All money decrees and judgments of courts enrolled or entered shall draw interest according to law. The legal interest shall be at the rate of fourteen percent per annum.

The parties dispute whether the increased interest rate applies to judgments entered before but satisfied after the effective date of the amendment.

Plaintiffs assert interest rates on judgments are statutory obligations, thus, are subject to variation as the legislature sees fit. Plaintiffs further assert the terms of the statute are clear and indicate the legislative intent that judgments which remain unsatisfied on the effective date of the amendment are subject to the increased interest rate.

Defendants contend application of the amendment to judgments entered prior to the effective date of the amendment would be retroactive application. The presumption is statutory enactments are prospective absent clear legislative intent or specific provision to the contrary; however, a remedial

or procedural statute is generally held to be retroactive. *Merchants Mutual Ins. Co. v. S. C. Second Injury Fund*, 277 S. C. 604, 291 S. E. (2d) 667 (1982). We are of the opinion the legislative intent, as shown by the clear language of the statute, was to apply the new interest rate to judgments entered before the effective date of the amendment which remain outstanding on that date, and that such application is prospective since it applies to only the remaining unpaid portions of judgments.

We quote with approval the rationale of the Maryland court in determining unsatisfied judgments may be subject to changing interest rates in *Mayor and City of Baltimore v. Kelso Corp.*, 294 Md. 267, 449 A. (2d) 406, 410 (1982):

> The right of a judgment creditor to interest on a judgment did not exist at common law. . . . It is a matter of legislative grace, the purpose of which is to compensate the judgment creditor for the damages sustained by non-payment of the judgment. Just as the judgment creditor has no right to interest except that which the legislature decrees, the judgment debtor has no right to a limitation of the interest rate to be applied in the future, except that which is decreed by the legislature. Should the legislature deem it wise to change the interest rate from time to time in order to fairly compensate judgment creditors for the damages they sustain because of the non-payment of judgments, the new rate will apply from the effective date of the change to all outstanding judgements.

We find Section 34-31-20 of the Code, as amended, applies to all outstanding judgments, including those entered before the effective date of the amendment.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.