1285

CINCINNATI INSURANCE COMPANY, Appellant v. SOUTH CAROLINA SECOND INJURY FUND, Respondent. In re Gerald R. LEAGUE v. G-M MECHANICAL CORPORATION.

(377 S. E. (2d) 130)

Court of Appeals

*Duke K. McCall, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. P. Brooks Shealy, Jr.,* Columbia, *for respondent.*

Heard Jan. 17, 1989.

Decided Feb. 6, 1989.

SANDERS, Chief Judge:

Appellant Cincinnati Insurance Company made claim against respondent South Carolina Second Injury Fund for reimbursement of certain Workers' Compensation benefits. The Workers' Compensation Commission dismissed the claim, finding that Cincinnati Insurance had not notified the Second Injury Fund of the claim as required by Section 42-9-400(f), Code of Laws of South Carolina, 1976, as amended. The Circuit Court affirmed the order of the Commission. We affirm the order of the Circuit Court.

Section 42-9-400(f), which is a part of "The South Carolina Workers' Compensation Law," provides:

> An employer or his carrier shall notify the Industrial Commission and the Director of the Second Injury Fund in writing of any possible claim against the fund as soon as practicable but in no event later than after the payment of the first seventy-eight weeks of compensation.
>
> Failure to comply with the provisions of this subsection shall bar an employer or his carrier from recovery from the fund.

Cincinnati Insurance mailed a letter to the Director of the Second Injury Fund giving written notice of the claim within the seventy-eight-week period prescribed by the statute. However, the Director did not receive the notice until a copy of the letter was received after the seventy-eight-week period had expired. Thus, the issue in this case is whether the notice required by the statute is effective when it is mailed or whether the notice is effective when it is received. This is a novel issue in South Carolina. (At least, we are aware of no case which is directly in point and counsel have called our attention to none.)

In the absence of binding authority, we adopt the well-recognized rule most recently stated by the Colorado Supreme Court: "It is the general rule that when a statute requires that written notice is to be given, but does not specify how it shall be given, the written notice is not effective until it is received." *School District Re-11J, Alamosa County v. Norwood*, 644 P. (2d) 13, 15 (Colo. 1982); *accord, Liberty Mut. Ins. Co. v. Caterpillar Tractor Co.*, 353 N. W. (2d) 854 (Iowa 1984); *Johnson Serv. Co. v. Climate Control Contractors*, 478 S. W. (2d) 643 (Tex. Civ. App. 1972); *Hotel Hay Corp. v. Milner Hotels*, 255 Wis. 482, 39 N. W. (2d) 363 (1949); *Rapid Motor Lines v. Cox*, 134 Conn. 235, 56 A. (2d) 519 (1947); *O'Neil v. City of Boston*, 257 Mass. 414, 153 N. E. 884 (1926); 58 Am. Jur. (2d) *Notice* § 27 (1971); 66 C. J. S. *Notice* § 18 (1950). Counsel for Cincinnati Insurance has cited no case from any state holding to the contrary.

The result we reach is consistent with the decisions of our Supreme Court requiring strict compliance with the predecessor to Section 42-9-400. *See Merchant's Mut. Ins. v. South Carolina Second Injury Fund*, 277 S. C. 604, 607, 291 S. E. (2d) 667, 668 (1982) ("Failure to comply with the statutory requirement results in loss of right to reimbursement."); *Boone's Masonry Constr. v. South Carolina Second Injury Fund*, 267 S. C. 277, 282, 227 S. E. (2d) 659, 661 (1976) ("The right of a claimant to secure reimbursement under the statute, therefore, depends upon compliance with the terms and conditions imposed for recovery. . . .").

In reaching the same result reached by the Commission, we are influenced by the principle: "The construction of a statute by the agency charged with its administration will

be accorded the most respectful consideration and will not be overruled absent compelling reasons." *Dunton v. South Carolina Board of Examiners in Optometry*, 291 S. C. 221, 223, 353 S. E. (2d) 132, 133 (1987).

For these reasons, the order of the Circuit Court is

Affirmed.

GARDNER and CURETON, JJ., concur.