24227

UNITED TECHNOLOGIES, Employer, and Pacific Employers Insurance Company, Carrier, Appellants v. SOUTH CAROLINA SECOND INJURY FUND, Respondent. In re Michael KELLY, Employee v. UNITED TECHNOLOGIES, Employer, and Pacific Employers Insurance Company, Carrier.

(456 S.E. (2d) 901)

Supreme Court

*R. Lewis Johnson* and *L. Elaine Mozingo*, both of *Barnes, Alford, Stork & Johnson*, Columbia, *for appellants.*

*Edgar W. Dickson*, of *Williams & Williams*, Orangeburg, *for respondent.*

Heard Jan. 5, 1995.

Decided April 3, 1995.

TOAL Justice:

Pacific Employers Insurance Company appeals the order of the Circuit Court affirming the Workers' Compensation Commission's ruling that its claim for reimbursement from the Second injury Fund is barred under S.C. Code Ann. § 42-9-400(f) (1985). We affirm.

## FACTS

This action arose out of a claim by Pacific Employers Insurance Company. ("Pacific") for reimbursement against the South Carolina Second Injury Fund for benefits paid on behalf of Michael Kelly, an employee of Pacific's insured United Technologies.

United hired Kelly in Columbia, South Carolina to perform work in Michigan. In 1987, Kelly injured his back while working in Michigan. He received temporary total benefits under South Carolina law from April 10, 1987 to August 14, 1987, for a total of 19 weeks. He then filed for Workers' compensation under Michigan law at a higher compensation rate. He received benefits under Michigan law from August 14, 1987 through November 27, 1987.

Kelly returned to work but he continued to have back pain. He returned to South Carolina in March, 1988 where he underwent surgery. Kelly began receiving temporary total benefits for a second time under Michigan law from July 7, 1989 through June 15, 1990. Kelly again returned to work on January 9, 1990, although he continued to receive temporary total disability benefits until the Michigan benefits expired in June, 1990. Kelly received a total of 82 weeks of compensation, with the first 19 weeks under South Carolina law and the remaining 63 weeks under Michigan Law.

Sometime after May, 1990,[1] Kelly filed an action with South Carolina Workers' Compensation Commission. A hearing was held on July 1, 1991. The single commissioner found Kelly was permanently disabled from the February 2, 1987 accident and awarded 500 weeks benefits together with medicals. Pacific received credit for the 82 weeks benefits previously paid to Kelly. Pacific did not appeal from that ruling. Pacific settled with Kelly shortly after the order was filed.

Pacific filed a notice of possible claim with the Second Injury Fund dated April 24, 1991. Pacific filed a claim for reimbursement on March 24, 1992. The Second Injury Fund denied reimbursement under S.C. Code Ann. § 42-9-400(f) (1985) because more than 78 weeks of compensation were paid to the employee prior to notifying the Fund. Pacific filed an action with the Workers' Compensation Commission seeking reimbursement from the Fund for benefits paid to Kelly. The single commissioner found section 42-9-400(f) barred Pacific's claim because the claim was submitted after more than 78 weeks of compensation were paid to Kelly. Pacific appealed to the Full Commission. The Full Commission affirmed and

---

[1] Kelly's Form 50 is not in the record. United's Form 51 is dated April 8, 1991.

Pacific appealed to the Circuit Court. The Circuit Court affirmed. This appeal followed.

## LAW/ANALYSIS

*1. Language of the Second Injury Fund Reimbursement Statute*

Pacific argues the 68 weeks of compensation paid under Michigan law should not be added to the 16 weeks paid under South Carolina law to determine the total weeks compensation paid for the purpose of notice under section 42-9-400(f).

Section 42-9-400(f) provides:

> (f) An employer or his carrier shall notify the Industrial Commission and the Director of the Second Injury Fund in writing of any possible claim against the fund as soon as practicable but *in no event later than after the pay-. ·ment of the first seventy-eight weeks of compensation.*

S.C. Code Ann. § 42-9-400(f) (1985) (emphasis added). The notice requirements of section 42-9-400(f) are strictly construed. *See Merchants Mut. Ins. Co. v. South Carolina Second Injury Fund*, 277 S.C. 604, 291 S.E. (2d) 667 (1082); *see also American Motorists Ins. Co. v. South Carolina Second Injury Fund*, 300 S.C. 17, 386 S.E. (2d) 276 (Ct. App. 1989) (complete compliance with statute required for reimbursement).

Pacific contends because S.C. Code Ann. § 42-1-100 (1985) defines "compensation" as money payable under "this Title" that the benefits paid under Michigan Law were not "compensation" under the South Carolina Act Workers' Compensation Act (South Carolina Act) and therefore should not be considered in determining the 78-week notice requirement. We disagree.

"Compensation" is defined under the South Carolina Act as "the money allowance payable to an employer or to his dependents as provided for in this Title and includes funeral benefits provided in this Title." S.C. Code Ann. § 42-1-100 (1985).

Section 42-15-10 provides:

> Any employee covered by the provisions of *this Title* is authorized to file his claim under the laws of the state where he is hired, the state where he is injured, or the state where his employment is located. If an employee

> shall receive compensation or damages under the laws of any other state, nothing contained in this section shall be construed to permit a total compensation for the same injury greater than provided in this Title.

S.C. Code Ann. § 42-15-10 (1985) (emphasis added).

At the time of the accident, Kelly was covered by the South Carolina Act because he was hired in South Carolina. His employment was located in Michigan and he was injured in Michigan. Under the South Carolina Act, Kelly was authorized to file a claim for "compensation" in Michigan as well as South Carolina.

The Workers' Compensation Act should be read *in pari materia* when possible. *See e.g. Fidelity and Cas. Ins. Co. of New York v. Nationwide Ins. Co.*, 278 S.C. 332, 295 S.E. (2d) 783 (1982) (proper to consider legislation dealing with same subject matter when construing statute); see *also Fishburne v. Fishburne*, 171 S.C. 408, 172 S.E. 426 (1934) (statutes *in pari materia* must be construed together as one system and as explanatory of each other). The plain language of section 42-15-10 contemplates filing Workers' compensation claims in the state of injury, the state of employment or the state of hire. Section 42-15-10 limits the amount of compensation to the South Carolina statutory amount. By authorizing filing of claims in other states under the South Carolina Act and limiting the amount of "compensation" to the amount of "compensation" provided for in the South Carolina Act, section 42-15-10 contemplates receiving "compensation" from other states. Because the Act contemplates "compensation" may be paid under the laws of other states, the Commission correctly included "compensation" received under the Michigan Act for the purpose of determining the total number of weeks of "compensation" paid under section 42-9-400(f). As Pacific paid more than 78 weeks of compensation prior to notifying the Fund of a possible claim, it is barred from receiving reimbursement for the claim. S.C. Code Ann. § 42-9-400(f) (1985).

### 2. *Constitutional implications of including Michigan benefits in "compensation"*

Next, Pacific contends that the inclusion of the Michigan compensation to determine the total weeks of compensation paid under section 42-9-400(f) violates the

Equal Protection Clause of the Fourteenth Amendment and the Commerce Clause of the United States Constitution. We disagree.

(A) Equal Protection

Disparate treatment among similarly situated parties must be proven before there can be judicial review to determine the level of judicial scrutiny. *See Prudential Property & Cas. Co. v. Insurance Comm'n,* 534 F. Supp. 571 (D.S.C. 1982), *aff'd* 699 F. (2d) 690 (4th Cir. 1983). Section 42-9-400(f) treats all employers/carriers the same. In all events, notice must be given to the Fund before paying the employee more than 78 weekly benefits. S.C. Code Ann. § 42-9-400(f) (1985).

Further, the right to participate in the Second Injury Fund is a privilege legislatively granted to employers and Workers' compensation carriers to promote the hiring and retention of disabled workers. "An otherwise valid statute or ordinance conferring a privilege is not rendered invalid merely because it chances that particular persons find it hard or even impossible to comply with the precedent conditions upon which enjoyment of the privilege is made to depend." *Duke Power Co. v. South Carolina Public service Comm'n,* 284 S.C. 81, 326 S.E. (2d) 395 (1985); *see also Bauer v. South Carolina State Housing Authority,* 271 S.C. 219, 246 S.E. (2d) 869 (1978). We find this issue meritless.

(B) Commerce Clause

"The critical commerce clause inquiry is whether the practical effect of the regulation is to control conduct beyond boundaries of the state." *Healy v. Beer Institute, Inc.,* 491 U.S. 324, 109 S.Ct. 2491, 105 L.E. (2d) 275 (1989). South Carolina's liberal policy of allowing Pacific credit for the compensation paid under Michigan law in no way regulates or controls any act beyond the borders of South Carolina. Thus, the Commerce Clause is not implicated in requiring Pacific to comply with the notice requirements of section 42-9-400(f) before reimbursement from the South Carolina Second Injury Fund may be had. We find this issue meritless.

Affirmed.

FINNEY, C.J., MOORE and WALLER, J.J., and A. LEE CHANDLER, Acting Associate Justice, concur.