496 S.E.2d 862

**SOUTH CAROLINA SECOND INJURY FUND, Respondent,**

v.

**AMERICAN YARD PRODUCTS, Petitioner.**

**In re Cassandra MURRAY, Claimant,**

v.

**AMERICAN YARD PRODUCTS, Employer.**

No. 24767.

Supreme Court of South Carolina.

Heard Dec. 17, 1997.

Decided Feb. 23, 1998.

Grady L. Beard and William R. Harbison, of Sowell, Todd, Laffitte, Beard & Watson, Columbia, for petitioner.

Brooks Shealy, Columbia, for respondent.

BURNETT, Justice:

Petitioner American Yard Products (AYP) sought reimbursement from Respondent South Carolina Second Injury Fund (the Fund) for workers' compensation benefits paid on behalf of Cassandra Murray, an employee of AYP. The single commissioner ordered reimbursement. The full Workers' Compensation Commission affirmed. The circuit court reversed. The Court of Appeals affirmed the circuit court. *South Carolina Second Injury Fund v. American Yard Products,* Op. No. 96–UP–436 (S.C.Ct.App. filed December 2, 1996).

The Court granted AYP's petition for a writ of certiorari. We reverse and remand.

## FACTS

On December 9, 1991, Cassandra Murray sustained an injury arising out of and in the scope of employment at AYP. By letter dated December 27, 1991, AYP notified the Fund it was seeking reimbursement for Ms. Murray's claim. The Fund received this letter on December 31, 1991. By letter dated January 2, 1992, the Fund acknowledged it had received AYP's notice of claim; the Fund copied the Workers' Compensation Commission stating, "[b]y copy of this letter, we are informing the S.C. Workers' Compensation Commission of our involvement in this case." The Fund argued AYP was not entitled to reimbursement because AYP had not notified the Commission of its intent to seek reimbursement from the Fund as required by S.C.Code Ann. § 42–9–400(f)(1985).

## ISSUE

Did the Court of Appeals err by holding AYP was not entitled to reimbursement from the Fund since it had not notified the Commission of its intent to seek reimbursement?

## DISCUSSION

■ There is no dispute the Fund and the Commission had actual, timely notice of AYP's claim for reimbursement. The Fund asserts, however, since § 42–9–400(f) requires either the employer or the carrier to notify the Commission of its claim for reimbursement from the Fund, AYP failed to comply with the technical requirements of the statute and, therefore, is not entitled to reimbursement from the Fund. We disagree.

The Court's primary function in interpreting a statute is to ascertain and give effect to the intent of the legislature. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 476 S.E.2d 690 (1996); *Browning v. Hartvigsen,* 307 S.C. 122, 414 S.E.2d 115 (1992). As stated in *Liberty Mutual Ins. Co. v. S.C. Second Injury Fund,* 318 S.C. 516, 518, 458 S.E.2d 550, 551 (1995), "[t]he real purpose of the legislature will prevail over the literal import of the words."

South Carolina Code Ann. § 42–9–400(f) (1985) provides:

An employer or his carrier shall notify the Industrial Commission and the Director of the Second Injury Fund in writing of any possible claim against the fund as soon as practicable but in no event later than after the payment of the first seventy-eight weeks of compensation.

Failure to comply with the provisions of this subsection shall bar an employer or his carrier from recovery from the fund.

■■■] The primary purpose of § 42–9–400(f) is to establish a deadline for perfecting actual claims for reimbursement with the Fund.[1] AYP complied with the statutory procedure by filing a timely claim with the Fund.

Additionally, a purpose of § 42–9–400(f) is to provide notice to the Fund and the Commission of potential claims for reimbursement. We have strictly construed the notice requirement of § 42–9–400(f). *United Technologies v. S.C. Second Injury Fund*, 318 S.C. 213, 456 S.E.2d 901 (1995) (notice within first 78 weeks of compensation includes compensation paid under Michigan law); *Merchants Mutual Ins. Co. v. S.C. Second Injury Fund*, 277 S.C. 604, 291 S.E.2d 667 (1982) (78–week notice period not extended by discovery rule as to when employer learned employee's subsequent injury was related to a pre-existing disease). Moreover, we have held the right of a claimant to secure reimbursement from the Fund depends upon complete compliance with the requirements imposed for recovery. *Boone's Masonry Construction Co., Inc. v. S.C. Second Injury Fund*, 267 S.C. 277, 227 S.E.2d 659 (1976) (employer's actual knowledge of employee's pre-existing permanent impairment was insufficient evidence of employer's knowledge where statute required existence of written report to evidence employer's knowledge of pre-existing impairment). In each of these cases, however, the Fund would have been prejudiced by the employer's or carrier's failure to comply with the statutory requirements. Here, however, the Fund suffered no disadvantage because AYP failed to notify the

---

1. Once a claim is submitted, the Fund may agree to reimburse an employer or carrier. In such a case, the Fund must submit the agreement to reimburse to the Commission for its approval. § 42–7–310(b)(1985). If the Fund denies a claim for reimbursement, the employer or carrier may request a hearing before the Commission on the claim. 25A S.C.Code Ann.Reg. 67–208(D)(1990).

Commission. Allowing the Fund to prevail because it notified the Commission rather than AYP is elevating form over substance. We decline to construe the notice requirement of § 42–9–400(f) in such a manner. *Liberty Mutual Ins. Co. v. S.C. Second Injury Fund, supra* ("[t]he real purpose of the legislature will prevail over the literal import of the words.").

We further note the Commission itself determined it received sufficient notice of AYP's claim, albeit from the Fund. There is no compelling reason to overrule the Commission's conclusion. *Cincinnati Ins. Co. v. S.C. Second Injury Fund,* 297 S.C. 372, 377 S.E.2d 130 (Ct.App.1989) (the construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons).

For these reasons, the decision of the Court of Appeals is reversed. In view of the conclusion of the Court of Appeals, other issues raised by the parties were not addressed; therefore, this matter is remanded to the Court of Appeals for consideration of those issues.

**REVERSED AND REMANDED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.