**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Old Republic Ins. Co., Respondent,

v.

The South Carolina Second Injury Fund, Appellant,

In re: Lester Miller, Employee/Claimant,

v.

Archer Daniels-Midland Company, Respondent.

Appellate Case No. 2013-000286

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2014-UP-207
Heard April 16, 2014 – Filed June 4, 2014

**AFFIRMED**

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Appellant.

Margaret Mary Urbanic, Natalie Byars Fisher, and Terri Jane Morrill, all of Clawson & Staubes, LLC, of Charleston, for Respondents.

**PER CURIAM:** The Second Injury Fund ("the Fund") challenges the Appellate Panel of the Workers' Compensation Commission's ("the Appellate Panel") decision ordering reimbursement to Archer Daniels-Midland Company ("Employer") and Old Republic Insurance Company (collectively, "Carrier"). On appeal, the Fund contends the Appellate Panel erred in finding it was required to reimburse Carrier because (1) Carrier requested reimbursement after December 31, 2011, the last day the Fund was statutorily required to accept a claim for reimbursement; (2) Carrier failed to submit certain witness testimony to the Fund prior to June 30, 2011, the date on which "all required information" to support a reimbursement claim must be submitted to the Fund; (3) Lester Miller ("Employee") was not working for Employer on the date of his injury; and (4) Employee's preexisting condition was not permanent and sufficiently serious to constitute a hindrance or obstacle to employment. We affirm.

1. We find Carrier timely requested reimbursement from the Fund prior to December 31, 2011. Carrier complied with the statutory requirements of section 42-7-320(B) of the South Carolina Code (Supp. 2013) by properly submitting its claim to the Fund prior to December 31, 2011. Upon the Fund's denial of Carrier's claim, Carrier timely requested a hearing and submitted satisfactory evidence to establish its entitlement to reimbursement pursuant to section 42-9-400(c) of the South Carolina Code (Supp. 2013). *See* § 42-7-320(B) ("After December 31, 2011, the Second Injury Fund shall not *accept* a claim for reimbursement from any employer, self-insurer, or insurance carrier." (emphasis added)); § 42-9-400(c) ("In order to qualify under this section for reimbursement from the Second Injury Fund, the employer must establish when claim is made for reimbursement thereunder, that the employer had knowledge of the permanent physical impairment at the time that the employee was hired, or at the time the employee was retained in employment after the employer acquired such knowledge."); *S.C. Second Injury Fund v. Am. Yard Prods.*, 330 S.C. 20, 22, 496 S.E.2d 862, 863 (1998) ("If the Fund denies a claim for reimbursement, the employer or carrier may request a hearing before the Commission on the claim." (citing S.C. Code Ann. Reg. 67-208(D) (1990))).

2. We find the Fund's argument pertaining to the single commissioner's consideration of certain witness testimony to be abandoned on appeal. The Fund fails to specify which witness, and more importantly, what testimony, the single commissioner improperly considered. Without more, we find the Fund's claim is not supported by appropriate argument. *See In re Care & Treatment of McCracken*, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) (holding an issue is

deemed abandoned if the argument in the brief is not supported by authority or is only conclusory).  As the appellant, the Fund has the responsibility of including all relevant information in the record on appeal, and without this testimony to review, this court cannot adequately evaluate this assertion of error.  *See Harkins v. Greenville Cnty.*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (finding it impossible to evaluate the merits of certain issues because the appellant failed to include the relevant material in the record on appeal); *Crestwood Golf Club, Inc. v. Potter*, 328 S.C. 201, 215, 493 S.E.2d 826, 834 (1997) (noting an appellant bears the burden of providing a sufficient record to review his assertions of error).

3. We find the Fund's argument pertaining to whether Employee was working for Carrier on the date of his injury is unpreserved for our review.  Although the Fund raised this issue in its pre-hearing brief to the single commissioner, the parties stipulated before the single commissioner that Employee was injured on April 11, 2008, and Employee's underlying claim for his work-related injury was compensable.  The Fund also did not raise Employee's employment status in its issues on appeal to the Appellate Panel.  Accordingly, we find Employee's work status to be the law of the case and thus not subject to review on appeal.  *See Hudson ex rel. Hudson v. Lancaster Convalescent Ctr.*, 407 S.C. 112, ___, 754 S.E.2d 486, 490 (2014) (finding issue unpreserved under law of the case doctrine because employer failed to raise it to the Appellate Panel); *In re Morrison*, 321 S.C. 370, 372 n.2, 468 S.E.2d 651, 652 n.2 (1996) (noting that an unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal).

4.  We find the Appellate Panel did not err in finding Employee's preexisting conditions were permanent and sufficiently serious to constitute a hindrance or obstacle to employment pursuant to section 42-9-400.  Carrier documented numerous medical conditions that predated Employee's job with Employer and would constitute permanent physical impairments.  Specifically, Carrier introduced testimony regarding Employee's medical history and conditions from Employee's primary care physician, Dr. James Timmons, Jr.; Employee's treating pulmonologist, Dr. I.F. Afulukwe; and another evaluating pulmonologist, Dr. Joseph Boscia, II.  Further, Carrier submitted documentation that Employer was aware of Employee's inability to wear a respirator mask due to his breathing problems and lung condition but still permitted him to be exposed to fumes and dusts that exacerbated his medical issues.  *See* § 42-9-400(d) (stating that a "'permanent physical impairment'" refers to "*any permanent condition*, whether congenital or due to injury or disease, of such seriousness as to constitute a

hindrance or obstacle to obtaining employment or to obtaining reemployment if the employee should become unemployed" (emphasis added)); § 42-9-400(d)(31) ("When an employer establishes his prior knowledge of the permanent impairment, then there shall be a presumption that the condition is permanent and that a hindrance or obstacle to employment or reemployment exists when the condition is . . . [] pulmonary disease.").  As a result, we hold the foregoing evidence brings Carrier's claim for reimbursement within the ambit of section 42-9-400.

**AFFIRMED.**

**WILLIAMS, LOCKEMY, and KONDUROS, JJ., concur.**