**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gilbert Chavis, Employee,

v.

AVX Corporation, Employer, and Liberty Mutual Insurance, Carrier,

In Re: AVX Corporation and Liberty Mutual Insurance Company, Respondents,

v.

South Carolina Second Injury Fund, Appellant.

Appellate Case No. 2012-213175

———————————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————————

Unpublished Opinion No. 2014-UP-212
Heard January 14, 2014 – Filed June 4, 2014

———————————

**AFFIRMED**

———————————

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Appellant.

Roy Allen Howell, III, and Kirsten Leslie Barr, both of
Trask & Howell, LLC, of Mt. Pleasant, for Respondents.

---

**PER CURIAM:**  The South Carolina Second Injury Fund (the "Fund") appeals the circuit court's decision to affirm the South Carolina Worker's Compensation Commission's (the "Commission") decision that AVX Corporation and Liberty Mutual Insurance (collectively, "AVX") timely commenced a claim for reimbursement within the ten-year statute of limitations provided by section 15-3-600 of the South Carolina Code (Supp. 2013).  We affirm.

We find AVX timely commenced its claim for reimbursement within the ten-year statute of limitations.  Under section 42-9-400 of the South Carolina Code (Supp. 2013), as soon as practicable, an "employer or [its] carrier must notify the [Commission] and the Director of the [Fund] in writing of any possible claim against the [F]und" and provide certain basic information about the potential claim for reimbursement.  § 42-9-400(f).  An action for reimbursement "must be commenced within ten years" after the carrier provides notice pursuant to section 42-9-400.  *See* § 15-3-600 ("An action for relief not provided for in this chapter must be commenced within ten years after the cause of action shall have accrued."); *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 430-31, 699 S.E.2d 687, 691 (2010) ("[A] cause of action for reimbursement begins to accrue on the date a carrier provides notice to the Fund [pursuant to section 42-9-400].").

In the instant case, AVX provided notice to the Fund pursuant to section 42-9-400 in August 1999.  AVX submitted its claim to the Fund in July 2009, within the ten-year statute of limitations.  "Once a claim is submitted, the Fund may agree to reimburse an employer or carrier." *S.C. Second Injury Fund v. Am. Yard Prods.*, 330 S.C. 20, 23 n.1, 496 S.E.2d 862, 863 n.1 (1998).  "If the Fund denies a claim for reimbursement, [then] the employer or carrier may request a hearing before the Commission on the claim." *Id.* (citing 25A S.C. Code Ann. Reg. 67-208(D) (1990)).  Accordingly, we agree with the Commission's interpretation that filing a claim with the Fund constitutes commencing an action for reimbursement.  *See CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 77, 716 S.E.2d 877, 882 (2011) ("The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons." (internal quotation marks omitted)).

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**