**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Second Injury Fund, Appellant,

v.

Sompo Japan Insurance Company, Respondent.

Appellate Case No. 2013-002607

———————————

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-316
Heard April 23, 2015 – Filed July 1, 2015

———————————

**AFFIRMED**

———————————

Latonya Dilligard Edwards, of Dilligard Edwards, LLC, of Columbia, for Appellant.

Duke K. McCall, Jr., of Smith Moore Leatherwood, LLP, of Greenville, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: **Argument 1**. *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d 687, 689 (2010) ("The construction of a statute by the agency charged with its administration will be accorded the most respectful consideration and will not be overruled absent compelling reasons.").

**Argument 2**. *S.C. Second Injury Fund v. Am. Yard Prods.*, 330 S.C. 20, 23 n.1, 496 S.E.2d 862, 863 n.1 (1998) ("Once a claim is submitted, the Fund may agree to reimburse an employer or carrier. . . . If the Fund denies a claim for reimbursement, the employer or carrier may request a hearing before the Commission on the claim." (citing S.C. Code Ann. § 42-7-310(b) (1985) and 25A S.C. Code Ann. Reg. 67–208(D) (1990))). **Arguments 3 & 4**. *Trotter v. Trane Coil Facility*, 393 S.C. 637, 644, 714 S.E.2d 289, 293 (2011) (noting, under the APA, the appellate court can reverse or modify the decision of the Appellate Panel if the substantial rights of the appellant have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record); *Jordan v. Kelly Co.*, 381 S.C. 483, 486, 674 S.E.2d 166, 168 (2009) (holding, in workers' compensation cases, the Appellate Panel is the ultimate finder of fact and the appellate court must affirm the findings of fact made by the Appellate Panel if they are supported by substantial evidence).

**AFFIRMED.**

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**