## 21111

HERCULES INCORPORATED, Appellant, v. The SOUTH CAROLINA TAX COMMISSION, and Robert C. Wasson, Wyatt E. Durham, and H. Wayne Unger, Jr., Constituting Said Commission, Respondents.

(262 S. E. (2d) 45)

138

*Charles F. Ailstock* and *John P. Linton* of *Sinkler, Gibbs & Simons,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Attys. Gen. G. Lewis Argoe, Jr.,* and *John C. von Lehe,* Columbia, for respondents.

January 19, 1980.

RHODES, Justice:

This is an appeal from an order denying a motion for judgment on the pleadings made by appellant Hercules Incorporated in an action for recovery of income taxes in the amount of $372,059.46, with assessed interest of $113,478-.14, which had been paid under protest. We affirm.

On March 15, 1971 Hercules duly filed an income tax return for the year 1970 and thereafter filed an amended return on September 12, 1972. The Internal Revenue Service (IRS) began an examination of the 1970 return and was granted waivers of the statute of limitations on deficiencies and overassessments of federal income taxes by Hercules in September 1973. No notice of these IRS proceedings was given by Hercules to respondent State Tax Commission (the Commission). Examination and audit of Hercules' 1970 returns by the Commission began in April 1974, with notice of the proposed assessment being given on May 28, 1974. Conferences were thereafter held between the two parties and the contested final assssment was issued by the Commission on March 10, 1976. The motion for judgment on the pleadings was made by Hercules in the recovery action that ensued.

It is to be noted that the motion for judgment on the pleadings concerned only the second and third causes of action pled by Hercules. The first cause of action, which alleged that the tax assessment violated the equal protection and due process clauses of both the federal and State constitutions, the commerce clause of the United

States Constitution, as well as other applicable statutory provisions, involves questions of fact which are yet to be determined. Piecemeal appeals of the nature here presented are not favored by this court. However, on the basis of our holding in *Mullis v. Celanese Corp. of America*, 234 S. C. 380, 108 S. E. (2d) 547 (1959) a denial of a motion for judgment on the pleadings is appealable forthwith if it raises questions of law only, as is true in this instance.

As is apparent from the dates given above, the taxes are not assessed within the three-year period provided by the statute of limitations provided in Section 12-7-2220, South Carolina Code (1976).[1] This circumstance would normally bar assessment. However, the failure of Hercules to give notice to the Commission of the IRS examination would, under the terms of Section 12-7-2230 of the South Carolina Code (1976), if constitutional and applicable, suspend the statute of limitations provided in section 12-7-2220, with the result that the assessment would have been timely made. Section 12-7-2230 of the South Carolina Code provides that

[e]very corporation shall notify the Tax Commission in writing of every examination of its books and records with respect to its net income as reported on its Federal income tax return within thirty days after it has or should have had knowledge of the beginning of such examination by the Internal Revenue Service. When any corporation executes a waiver of the statute of limitations on deficiencies and overassessments of Federal income taxes, it shall notify the Tax Commission in writing within thirty days from the date of such waiver. Failure on the part of the corporation to notify the Tax Commission within the prescribed time of

---

[1] The above statement is premised on the statute commencing to run on March 15, 1971, the date of filing the original tax return, as contended for by Hercules. The Commission contends that the starting point should be September 12, 1972, the date on which the amended return was filed. Notice of proposed assessment, which was sufficient to meet the requirements of the applicable statute, was given May 28, 1974. Our disposition of this case does not require a resolution of this question, and we indicate no opinion thereon.

either of the above actions shall automatically suspend the limitations set forth in § 12-7-2220 as amended until ninety days after the Tax Commission receives notice in writing from the corporation of such action.

Hercules contends, however, that the above-quoted statute is unconstitutional under the State Constitution as violence of Article III, Section 17 which provides that "[e]very Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title." The purpose of this constitutional provision is to prevent the General Assembly from being misled into the passage of bills containing provisions not indicated in their titles, and to apprise the people of the subject of proposed legislation, thereby giving them an opportunity to be heard. *Colonial Life & Accident Ins. Co. v. South Carolina Tax Comm'n,* 233 S. C. 129, 103 S. E. (2d) 908 (1958). The title of an act need not be a complete index of its contents. The constitutional mandate is satisfied where the title states the general subject, and the provisions in the body of the act are germane thereto and provide the means, methods, or instrumentalities for the accomplishment of the general purpose. *Id.*

The first requirement of Article III, Section 17 is that an act relate to but one subject, with the topics in the body of the act being kindred in nature and having a legitimate and natural association with the subject of the title. Hercules argues that the General Appropriations Act, in which the disputed act was incorporated, relates only to ordinary government expenses for a fiscal year, while the challenged provision purports to become a part of the permanent law of the state. A statute will not be declared unconstitutional unless shown to violate the constitution clearly and beyond reasonable doubt. *Chesterfield County v. State Highway Dept.,* 191 S. C. 19, 3 S. E. (2d) 686 (1939). Previous cases have held constitutional inclusion of provisions within the Appropriations Act not limited to the fiscal year in question. The holdings of these cases were based

upon the ground that the challenged legislation was reasonably and inherently related to the raising and expenditure of tax monies. See *Caldwell v. McMillan,* 224 S. C. 150, 77 S. E. (2d) 798 (1953); *State ex rel. Roddey v. Byrnes,* 219 S. C. 485, 66 S. E. (2d) 33 (1951); *Crouch v. Benet,* 198 S. C. 185, 17 S. E. (2d) 320 (1941). The disputed statute acts to suspend under defined circumstances a statute of limitations which would otherwise bar tax assessments by the Commission. As the statute is reasonably and inherently related to the collection of tax revenues, it is germane to the General Appropriations Act, thereby meeting the first reequirement of the constitutional provision.

The second requirement of Article III, Section 17 is that the title of an act must convey reasonable notice of the subject matter to the legislature and the public. The title reference to the challenged provision in the General Appropriations Act is as follows:

And to Amend the 1962 Code of Laws of South Carolina and Statutes as Follows . . . (9) Section 65-322.1 Relating to Corporate Income Tax so as to Modify the Statute of Limitations . . .

The statute has the general purpose of tolling the statute of limitations if notice is not given by a corporation of an IRS audit or of a waiver given by it of the statute of limitations on deficiencies and overassessments of federal income taxes. Such purpose is succinctly but clearly stated in the title which gives fair notice to the reader that the statute of limitations relative to corporate income taxes is being modified. This meets the constitutional mandate of Article III, Section 17, which, as noted previously, is satisfied when the title states the general subject and the provisions in the body of the act are germane thereto and provide the means, methods, or instrumentalities for the accomplishment of the general purpose. *Colonial Life & Accident Ins. Co. v. South Carolina Tax Comm'n, supra.*

Hercules next contends that, even if the statute is constitutional, it was not the intent of the legislature that it be applied retroactively to tax returns filed before the effective date of the statute. The disputed act was approved on June 16, 1971, three months after Hercules had filed its original return. Although conceding that the legislature could have enacted Section 12-7-2230 so that it would operate retrospectively, Hercules asserts that in this instance it did not exercise that power.

In the construction of statutes, there is a presumption that statutory enactments are to be considered prospective rather than retroactive in their operation unless there is a specific provision or clear legislative intent to the contrary. *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123 (1978); *Jefferson Standard Life Ins. Co. v. King,* 165 S. C. 219, 163 S. E. 653 (1932). A principal exception to the above stated presumption is that remedial or procedural statutes are generally held to operate retrospectively. *Howard v. Allen,* 368 F. Supp. 310 (D. S. C. 1973), *aff'd,* 487 F. (2d) 1397 (4th Cir. 1973), *cert. denied* 417 U. S. 912, 94 S. Ct. 2611, 41 L. Ed. 2d 216 (1974). As a statute of limitations affects the remedy and not the right, *Webb v. Greenwood County,* 229 S. C. 267, 92 S. E. (2d) 688 (1956), the statute in question is remedial since it has the effect of tolling the general three-year statute of limitations on tax assessments. Based upon the above and the language of the statute, we find it was the intent of the legislature to extend the statute to the facts of the present case.

The final contention of Hercules is that the three-year statute of limitations runs from the date the original return was filed, unaffected by the filing of an amended return. Assuming *arguendo* the validity of this position, it does not avail Hercules. Based upon the determination that the questioned act is both constitutional, and applicable, the statute of limitations did not bar the tax assessment against Hercules since it was suspended when no notice of the IRS audit was given in 1973 or thereafter.

Based upon the foregoing, the order of the lower court is affirmed and the case remanded for further proceedings.

Affirmed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.