528 S.E.2d 416

## SOUTH CAROLINA DEPARTMENT OF REVENUE, Respondent,

v.

## ROSEMARY COIN MACHINES, INC., Petitioner.

No. 25076.

Supreme Court of South Carolina.

Heard Jan. 20, 2000.

Decided Feb. 22, 2000.

Dwight F. Drake, C. Mitchell Brown, and Zoe Sanders Nettles, all of Nelson, Mullins, Riley & Scarborough, L.L.P., of Columbia, for petitioner.

Harry T. Cooper, Jr., Nicholas P. Sipe, and Malane S. Pike, all of South Carolina Department of Revenue, for respondent.

MOORE, Justice:

We granted petitioner Rosemary Coin Machine, Inc., (Rosemary) a writ of certiorari to review the Court of Appeals' decision in *South Carolina Dep't of Revenue v. Rosemary Coin Machines, Inc.*, 331 S.C. 234, 500 S.E.2d 176 (Ct.App. 1998). We reverse.

## FACTS

Rosemary owned a multi-player five-station blackjack machine located in a convenience store in Conway. On May 31, 1995, pursuant to the then current version of S.C.Code Ann. § 12–21–2720, Rosemary licensed the machine by obtaining one license for the machine from the South Carolina Department of Revenue (DOR). The license was to expire on May 31, 1997.

The General Assembly amended § 12–21–2720, effective July 1, 1995, so as to require owners of multi-player machines to obtain a separate license for each station. 1995 Act No.

145; now codified as S.C.Code Ann. § 12–21–2720 (Supp.1998). At 4:00 p.m. on Friday, June 30, 1995, DOR called Rosemary to inform it that additional licenses would be required for its machine pursuant to this amendment prior to July 1, 1995. On July 5, 1995, Rosemary was cited for failing to have separate licenses for each machine.[1]

Rosemary requested a hearing before an administrative law judge (ALJ). The ALJ held that § 12–21–2720 was a penal statute and should not have been applied retroactively. DOR sought review in the circuit court. The circuit court affirmed the ALJ's decision. DOR appealed to the Court of Appeals. The Court of Appeals reversed. The Court of Appeals held § 21–21–2720 is not penal and the amendment could be applied retroactively.

## ISSUE

Did the Court of Appeals err in applying the amendment retroactively?

## DISCUSSION

■ The Court of Appeals held that "the legislature, in a valid exercise of its police power, intended this enactment to be effective immediately." Rosemary agrees that the General Assembly may regulate gambling and poker machines under its police power. However, it contends that simply because the General Assembly acted pursuant to police power does not negate the need to show that the legislature intended the amendment be applied retroactively. We agree.

---

1. The DOR was concerned because the limit on the number of machines one business may have is tallied by counting the number of licenses that the business has obtained. Section 12–21–2804 provides in pertinent part: "After July 1, 1994, the commission may not issue nor authorize to be maintained any licenses or permits for more than five machines authorized under Section 12–21–2720(A)(3) at a single place or premises..." Thus, if Rosemary had one license for its multiplayer machine under the old law, Rosemary's five-player machine would count as only one machine. However, under the amendment, a business is required to have a license for each play station. Thus, under the amendment, Rosemary would be required to obtain five licenses and be treated as though it has five machines as far as the limitations on the number of machines is concerned.

In the construction of statutes, there is a presumption that statutory enactments are to be considered prospective rather than retroactive in their operation unless there is a specific provision in the enactment or clear legislative intent to the contrary. *Hyder v. Jones,* 271 S.C. 85, 245 S.E.2d 123 (1978). However, statutes that are remedial or procedural in nature are generally held to operate retrospectively. *See Merchants Mut. Ins. Co. v. South Carolina Second Injury Fund,* 277 S.C. 604, 291 S.E.2d 667 (1982); *Hercules, Inc. v. South Carolina Tax Comm'n,* 274 S.C. 137, 262 S.E.2d 45 (1980) (statutes affecting the remedy, not the right, are generally retrospective); *Smith v. South Carolina Retirement Sys.,* 336 S.C. 505, 520 S.E.2d 339 (Ct.App.1999).

Here, the amendment is not remedial or procedural in nature and therefore does not fit into any recognized exception. Thus, we must ascertain if there is any legislative intent for the amendment to be applied retroactively. In ascertaining legislative intent, words must be given their plain and ordinary meanings. *Bryant v. City of Charleston,* 295 S.C. 408, 368 S.E.2d 899 (1988). Statutes are not to be applied retroactively unless that result is so clearly compelled as to leave no room for doubt. *Hyder, supra.* Here, the amendment does not address retroactivity.

"Finding nothing in this enactment beyond a statement of its 'effective date,' we must follow the well-settled rule that a statute may not be applied retroactively in the absence of specific provision or clear legislative intent to the contrary." *Schall v. Sturm, Ruger Co.,* 278 S.C. 646, 300 S.E.2d 735, 737 (1983). This amendment did not provide for retroactive application and there is nothing in the amendment from which we could conclude the legislature intended for it to be applied retroactively. Accordingly, the Court of Appeals erred in finding the amendment should be applied retroactively.[2]

---

2. The Court of Appeals relied upon *Heslep v. State Hwy. Dep't,* 171 S.C. 186, 171 S.E. 913 (1933), and *Dantzler v. Callison,* 230 S.C. 75, 94 S.E.2d 177 (1956), to support its contention that the retroactive application of the amendment is proper because the amendment was enacted under the State's police powers. The legislation in these cases clearly provided for retroactive application. There is no case law which supports the proposition that simply because legislation is enacted pursuant to the State's police powers, it should be applied retroactively.

■ Although not necessary to this opinion, we also address dicta in the Court of Appeals' opinion stating § 12–21–2720 is not a penal statute because it contains no penalty. The Court of Appeals did not cite any authority for this proposition. Simply because a statute does not contain a penalty provision does not mean the statute is not penal. However, we need not determine whether this statute is penal or not as it does not effect the disposition of this case.

**REVERSED.**

FINNEY, C.J., TOAL and BURNETT, JJ., concur.

WALLER, J., not participating.

It is not as if the General Assembly could not have made the amendment retroactive if it had wanted to—it is simply a matter of fact that the General Assembly did not make the amendment retroactive.