665 S.E.2d 187

**Dean Edgar WIESART, Appellant,**

v.

**Robert M. STEWART, Respondent.**

**No. 4403.**

Court of Appeals of South Carolina.

Heard May 8, 2008.

Decided June 5, 2008.

Rehearing Denied Aug. 25, 2008.

Timothy Kirk Truslow, of North Myrtle Beach, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General, John W. McIntosh, Assistant Attorney General, David E. Spencer, all of Columbia, for Respondent.

302

GOOLSBY, A.J.

Wiesart appeals the trial court's ruling that S.C.Code Ann. § 23–3–430(14) (Supp.2007) is not retroactive. We reverse.

## FACTS

In 1979, a Maryland court convicted Wiesart of indecent exposure after he was caught skinny-dipping with his girl-friend in a hotel pool. Fifteen years later, Wiesart pled guilty in Horry County to a controlled substance offense. He received probation. Wiesart's probation agent informed him that he was required to register under the sex offender registry pursuant to S.C.Code Ann. § 23–3–430 (Supp.1995) because of the prior indecent exposure conviction.

Prior to 1996, S.C.Code §§ 23–3–430 and 23–3–460 required any person convicted of indecent exposure to register annually [1] as a sex offender. In 1996, the statute was amended to include a person convicted of indecent exposure only "if the court makes a specific finding on the record based on the circumstances of the case the convicted person should register as a sex offender." [2]

On January 9, 2006, upon learning of the amendment, Wiesart brought a declaratory judgment action in the trial court. He argued he was entitled to a hearing on the issue of whether he was required to register as a sex offender pursuant to § 23–3–430, as amended. The trial court ruled against Wiesart, finding the statute was not retroactive. Wiesart appeals.

## LAW / ANALYSIS

■ Wiesart argues the amendment to § 23–3–430 is retroactive because it is procedural or remedial in nature. We agree.[3]

---

1. In 2006, S.C.Code § 23–3–460 (Supp.2006) was amended to require bi-annual registration.

2. S.C.Code Ann. § 23–3–430(14) (Supp.2006).

3. We are aware of *Hazel v. State*, 377 S.C. 60, 659 S.E.2d 137 (2008) (Shearouse Adv. Sh. No. 9 at 52). *Hazel*, however, does not apply to

Generally, "statutory enactments are to be considered prospective rather than retroactive in their operation unless there is a specific provision in the enactment or clear legislative intent to the contrary." [4] Statutes that are remedial or procedural in nature, however, operate retroactively.[5] A statute is remedial and applies retroactively when it creates new remedies for existing rights or enlarges rights of persons under disability.[6]

Here, the 1996 amendment to § 23-3-430 is procedural in nature. As set forth above, the amendment creates a requirement that the trial court make a specific finding on the record regarding whether a person convicted of indecent exposure should register as a sex offender. The amendment does not create a new right. Instead, it sets forth a procedure for determining whether a person convicted of indecent exposure is required to register on the sex offender registry.[7]

Moreover, the registration requirement renews itself on a recurring basis. We take note of the fact that the Legislature was aware of this recurring obligation when it passed the amendment to the statute regarding the necessary findings for registration.

**REVERSED.**

HEARN, C.J., and PIEPER, J., concur.

---

this case because retrospective application of the registration statute was not an issue in *Hazel*.

**4.** *South Carolina Dept. of Revenue v. Rosemary Coin Machines, Inc.,* 339 S.C. 25, 28, 528 S.E.2d 416, 418 (2000).

**5.** *Id.*

**6.** 4 *S.C. Jurisprudence* Action § 15 (2007); *see Hercules, Inc. v. South Carolina Tax Comm'n,* 274 S.C. 137, 143, 262 S.E.2d 45, 48 (1980) (statutes affecting the remedy, not the right, are generally retrospective).

**7.** This court does not pass judgment on the issue of whether the circumstances of this case warrant Wiesart's registration as a sex offender.