720 S.E.2d 462

**In the Matter of Jeremy Lane EDWARDS, Respondent,**

v.

**STATE LAW ENFORCEMENT DIVISION, Appellant.**

No. 27082.

Supreme Court of South Carolina.

Heard Nov. 15, 2011.

Decided Dec. 28, 2011.

572

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Attorney General David Spencer, and Assistant Attorney General Geoffrey K. Chambers, of Columbia, for Appellant.

Walker H. Willcox and Mark W. Buyck, both of Willcox, Buyck & Williams, of Florence, for Respondent.

Chief Justice TOAL.

State Law Enforcement Division (SLED) (Appellant), appeals the circuit court order relieving Jeremy Lane Edwards (Respondent) from the sex offender registration requirements of section 23–3–430 of the South Carolina Code. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In 1998, Respondent pled guilty to two counts of "Peeping Tom," pursuant to section 16–17–470 of the South Carolina Code.[1] Respondent served a probationary sentence including one hundred hours of community service. In 2004, Respondent received a pardon from the South Carolina Department of Probation, Parole, and Pardon Services (SCDPPPS). In 2009, Respondent filed petitions with the Horry, Greenville, and Florence County solicitors requesting that the circuit court issue an order mandating that he was no longer required to register as a sex offender. The Horry and Greenville County solicitors did not object to the petition. The Florence County solicitor could not respond to the petition, due to a conflict, and referred the case to the South Carolina Attorney General.

The Attorney General opposed the petition, and asserted that Respondent's pardon did not relieve him from the requirement that he register as a sex offender. The Attorney General argued that the amendments to section 23–3–430 were remedial and procedural in nature, and thus applied retroactively to Respondent's case. The circuit court disagreed, and ruled that the 2004 pardon relieved Respondent from the registration requirements of section 23–3–430, and that the 2005 and 2008 amendments did not apply retroactively.

## ISSUES

The parties raise three issues on appeal:

I. Whether the 2004 pardon relieved Respondent of the registration requirements of section 23–3–430 of the South Carolina Code.

II. Whether the amendments to section 23–3–430 clarified rather than changed the law requiring pardoned sex

---

1. Respondent claimed that while walking from a parking lot to his apartment he passed the open window of a female resident's apartment, and looked inside. A neighbor observed Respondent and reported the incident.

offenders to comply with the statute's registration requirements.

III. Whether the amendments to section 23-3-430 are procedural or remedial in nature, and therefore, apply retroactively.

## STANDARD OF REVIEW

A declaratory judgment action is neither legal nor equitable, but instead its character is determined by the nature of the underlying issue. *Felts v. Richland Cnty.*, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). The underlying issue in this case concerns interpretation of the state sex offender registration statute. Interpretation of a legislative enactment is a question of law. *City of Rock Hill v. Harris,* 391 S.C. 149, 152, 705 S.E.2d 53, 54 (2011); *Charleston Cnty. Parks and Recreation Comm'n v. Somers,* 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995). In a case raising a novel question of law, this Court is free to decide the question with no particular deference to the lower court. *City of Rock Hill,* 391 S.C. at 152, 705 S.E.2d at 54.

## DISCUSSION

### I. Whether the 2004 pardon relieved Respondent of his registration requirements.

Respondent argues that the 2004 pardon relieved him of the requirement to register as a sex offender. We agree.

Section 24-21-940(A) of the South Carolina Code defines "pardon" as the circumstance when "an individual is fully pardoned from all the legal consequences of his crime and of his conviction, direct and collateral, including the punishment, whether of imprisonment, pecuniary penalty or whatever else the law has provided." S.C.Code Ann. § 24-21-940 (2007). When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction and a court must apply the statute according to its literal meaning. *Miller v. Aiken,* 364 S.C. 303, 307, 613 S.E.2d 364, 366 (2005).

In *State v. Baucom,* 340 S.C. 339, 531 S.E.2d 922 (2000), this Court addressed the use of pardoned convictions as an enhancement device. In that case, SCDPPPS pardoned the defendant for ten offenses, including convictions for driving under the influence. *Id.* at 341, 531 S.E.2d at 922.

Five years after the pardon, police charged Baucom with another DUI offense, and he argued that his pardoned offenses should not be used to enhance that charge. *Id.* at 341–42, 531 S.E.2d at 922–23. The trial court disagreed and sentenced Baucom under section 56–5–2940 of the South Carolina Code, which at the time provided:

> Any conviction, entry of plea of guilty or of nolo contendere or forfeiture of bail, for the violation of any law or ordinance ... that prohibits a person from operating a motor vehicle while under the influence of intoxicating liquor, drugs, or narcotics shall constitute a prior offense for the purpose of any prosecution for any subsequent violation hereof.

S.C.Code Ann. § 56–5–2940 (1991 & Supp.1999).

The court of appeals affirmed the sentence, and held that the phrase "any conviction" necessarily included pardoned convictions. *Baucom,* 340 S.C. at 344, 531 S.E.2d at 924. This Court disagreed, holding that punishment is only one of the consequences absolved by a pardon under South Carolina law. *Id.* (noting that the individual is absolved of all consequences of his crime and conviction and that all of his civil rights are restored).

In the instant case, SCDPPPS pardoned Respondent in 2004. Thus, in light of the command of section 24–21–940 of the South Carolina Code, the circuit court correctly held that the pardon relieved Respondent from all direct and collateral consequences of his pardoned crime, which would necessarily include placement on the sex offender registry and continuous compliance with its registration requirements.

## II. Whether the amendments to section 23–3–430 clarified rather than changed the law requiring pardoned sex offenders to comply with the statute's registration requirements.

■ Appellant asserts that the General Assembly's amendments to section 23–3–430 of the South Carolina Code clarified already existing law on pardoned sex offenders rather than changing that law. We find this position without merit.

The General Assembly created the state's sex offender registry in 1994. However, at the time of its creation, the statute did not address what effect a pardon may have on a

sex offender's registration requirement. In 2005, the General Assembly amended the statute to address this issue.

The newly amended statute provided:

(F) If an offender receives a pardon for the offense for which he was required to register, the offender may not be removed from the registry except:

(1) as provided by the provisions of subsection (E); or

(2) if the pardon is based on a finding of not guilty specifically stated in the pardon.

S.C.Code § 23–3–430(F) (2007).

In 2008, the General Assembly amended paragraph F to add "the offender must *reregister* as provided by Section 23–3–460 . . . ." S.C.Code § 23–3–430(F) (Supp.2010) (emphasis added). The statute currently provides in pertinent part, "[I]f an offender received a pardon for which he was required to register the offender must *reregister* as provided by Section 23–3–460 and may not be removed from the registry . . . ." *Id.* (emphasis added).

These amendments to section 23–3–430 occurred subsequent to the General Assembly's creation of the state's pardon statute. That statute provides, "[A]n individual is fully pardoned from all the legal consequences of his crime and of his conviction, direct and collateral, including the punishment, whether of imprisonment, pecuniary penalty, or whatever else the law has provided." S.C.Code Ann. § 24–21–940 (2007).

It is clear that the General Assembly's amendments to the sex offender registry statute changed rather than clarified the law. The statute was silent regarding pardons at its creation in 1994. In 2004, the General Assembly mandated, via section 24–21–940, that a pardon relieved an individual of all criminal and civil penalties accompanying her crime. In 2005 and 2008, the General Assembly ensured that the broad application of the pardon statute would not relieve sex offenders of their registration obligation.

The State relies on *Stuckey v. State Budget and Control Bd.*, 339 S.C. 397, 529 S.E.2d 706 (2000), in support of its position that the General Assembly's amendments clarify the legislature's original intent that, with only limited exceptions, even those with pardons should be required to register. In

*Stuckey,* Appellant began employment as a public school teacher in August 1972 and was enrolled in the state retirement plan until she terminated her employment in June 1973. Appellant attended law school full-time from August 1973 to May 1976, and in October 1976 she began employment with the State Department of Education. In May 1995, Appellant filed a request with the South Carolina Retirement Systems (Agency) for two years retroactive educational leave pursuant to section 9–1–1140 of the South Carolina Code, which at the time provided, "[A] member who leaves employment to attend graduate school and returns directly to employment may establish up to two years' retirement credit by paying the actuarial cost as determined by the [State Budget and Control] Board." S.C.Code Ann. § 9–1–1140 (1986).

Agency denied Appellant's request because she had not returned directly to covered employment. Agency interpreted "directly" to mean "immediately" but allowed for a grace period of ninety days in order to accommodate teachers who had an annual three month lapse in employment. *Stuckey,* 339 S.C. at 400–01, 529 S.E.2d at 707. This Court found that the General Assembly's amendment to section 9–1–1140 shed light on the legislature's intent. *Id.* at 401, 529 S.E.2d at 708. After Appellant filed her claim, the General Assembly amended the statute to provide, "[A] member who leaves covered employment to attend undergraduate or graduate school and returns to covered employment *within ninety days* after the member's last date of enrollment may establish up to two years' retirement credit by paying the actuarial costs as determined by the board." *Id.* (quoting S.C.Code Ann. § 9–1–1140 (Supp.1997)) (emphasis added).

This Court found the subsequent statutory amendment clarified original legislative intent. *Id.* at 401, 529 S.E.2d at 708. However, the statute creating the sex offender registry did not speak to the issue of pardons, and thus, there was no language for the subsequent amendments to clarify. Thus, the facts and analysis of *Stuckey* are inapplicable to the amendments of section 23–3–430 of the South Carolina Code.

■ The purpose of the amendment evinces the legislature's intent to except the sex offender registry requirements from the broad relief afforded by the pardon statute, and no

evidence can be shown of a previous legislative intent that would require clarification. As such, we find Appellant's position is without merit.

### III. Whether the amendments to section 23–3–430 are procedural or remedial in nature.

■ Appellant argues that the amendments to section 23–3–430 of the South Carolina Code are procedural and remedial in nature, and thus apply retroactively to Respondent's case. It is a well-settled rule of statutory construction that absent a specific provision or clear legislative intent to the contrary, statutes are to be construed prospectively rather than retroactively, unless the statute is remedial or procedural in nature. *S.C. Dept. of Revenue v. Rosemary Coin Machs., Inc.*, 339 S.C. 25, 28, 528 S.E.2d 416, 418 (2000); *Bartley v. Bartley Logging Co.*, 293 S.C. 88, 90, 359 S.E.2d 55, 56 (1987). The General Assembly did not explicitly provide that the amendments to section 23–3–430 apply retroactively. *See* S.C.Code Ann. § 23–3–430 (Supp.2010). Therefore, the amendments may only apply to Respondent's case if this Court finds them to be remedial or procedural.

### A. Remedial

■ A statute is remedial where it creates new remedies for existing rights or enlarges the rights of persons under disability. *Smith v. Eagle Constr. Co.*, 282 S.C. 140, 143, 318 S.E.2d 8, 9 (1984). When a statute creates a new obligation or imposes a new duty, courts generally consider the statute prospective only. 82 C.J.S. Statutes § 585 (2009).

The State argues that the amendments are remedial because "the amendment enlarges the remedy provided to law enforcement to gather information about sex offenders." However, under this analysis, any law that expanded the police power could be considered retroactive because of the enlarged "remedy" given to the State in executing its responsibilities. Moreover, the amendments to section 23–3–430 of the South Carolina Code do not create a new right, but instead impose an obligation which did not exist prior to the amendments. The statute did not prevent Respondent's removal from the sex offender registry at the time of his pardon.

However, the statute's amendments, if applied retroactively, would require Respondent to remain on the sex offender registry.

The balance of authority on this subject weighs against this Court adopting the State's definition of remedial. *Hercules, Inc. v. S.C. Tax Comm'n,* 274 S.C. 137, 143, 262 S.E.2d 45, 48 (1980) (holding that statutes affecting the remedy, not the right, are generally retrospective); *Kneisley v. Lattimer-Stevens Co.,* 40 Ohio St.3d 354, 533 N.E.2d 743, 745 (1988) (finding a statute "substantive" instead of "remedial" where it imposed new or additional burdens, duties, obligations or liabilities as to past transaction); *Wiesart v. Stewart,* 379 S.C. 300, 303, 665 S.E.2d 187, 188 (Ct.App.2009) (holding that a statute is remedial and applies retroactively when it creates new remedies for existing rights or enlarges rights of persons under disability); 82 C.J.S. Statutes § 585 (2009) (explaining that where a statute takes away or impairs vested rights acquired under existing laws, creates new obligations, imposes a new duty, or attaches a new disability, it will be construed as prospective only).

### B. *Procedural*

 The State argues that the 2008 amendment is procedural because it sets forth the circumstances in which an individual with a pardon is required to register as a sex offender. However, a "procedural" law sets out a mode of procedure for a court to follow, or "prescribes a method of enforcing rights." Black's Law Dictionary 1083 (1979). Moreover, a statute that limits a right is generally not procedural. *Merchants Mut. Ins. Co. v. S.C. Second Injury Fund,* 277 S.C. 604, 608, 291 S.E.2d 667, 669 (1982).

In *Wiesart v. Stewart,* the court of appeals addressed whether amendments to the sex offender registry statute were remedial or procedural. 379 S.C. 300, 665 S.E.2d 187 (Ct.App. 2009). In 1979, a Maryland court convicted Wiesart of indecent exposure, and in 1995 he pled guilty in Horry County to a controlled substance offense. *Id.* at 302, 665 S.E.2d at 188. Wiesart received probation, and his probation agent informed him that he would have to register as a sex offender because of his prior indecent exposure conviction. *Id.* at 302, 665 S.E.2d at 188. Prior to 1996, section 23-3-430 of the South

Carolina Code required any person convicted of indecent exposure to register annually as a sex offender. *Id.* In 1996, the General Assembly amended the statute to include a person convicted of indecent exposure only "if the court makes a specific finding on the record based on the circumstances of the case the convicted person should register as a sex offender." *Id.*

Wiesart brought a declaratory judgment action asserting that he was entitled to a hearing on the issue of whether he was required to register as a sex offender. *Id.* The circuit court ruled that the statute was not retroactive. *Wiesart,* 379 S.C. at 302, 665 S.E.2d at 188. The court of appeals disagreed finding that the amendment was procedural because it set a mode of procedure for the trial court to follow. *Id.* at 303, 665 S.E.2d at 188.

In *State v. Frey,* 362 S.C. 511, 608 S.E.2d 874 (Ct.App.2005), the court of appeals reviewed a circuit court's decision to admit evidence of blood-alcohol analysis test results. *Id.* at 515, 608 S.E.2d at 877. Frey objected, arguing that the State did not present evidence that the blood sample was drawn by a qualified individual as required by the implied consent statute. *Id.* at 517–18, 608 S.E.2d at 877–78. The State countered that even if Frey's assertion was correct, suppression would not be warranted because Frey was not prejudiced by the failure to comply with the statute. *Id.* at 518, 608 S.E.2d at 878. The General Assembly revised the statute shortly after Frey's trial by adding subsection (e):

[T]he failure to follow any of these policies, procedures, and regulations, or the provisions of this section, shall result in the exclusion from evidence any test results, *if the trial judge or hearing officer finds* that such failure materially affected the accuracy or reliability of the tests results or the fairness of the testing procedure.

S.C.Code Ann. § 56–5–2950(e) (2006) (emphasis added).

The court of appeals noted that although the revision above became effective shortly after the trial of the case, the revision addressed procedural rather than substantive rights, and was therefore retroactive. *Frey,* 362 S.C. at 518 n. 3, 608 S.E.2d at 878 n. 3. The court of appeals found that the State failed to establish that Frey's blood sample was obtained in accordance

with the statute. *Id.* at 519, 608 S.E.2d at 879. Thus, the court remanded the case to the circuit court for a determination of whether "such failure materially affected the accuracy or reliability of the test results or the fairness of the testing procedure." *Id.*

The amendments to section 23–3–430 do not provide a procedure for a court to follow, or prescribe a method for enforcing rights. Thus, the amendments are not procedural and cannot be applied retroactively to Respondent's case.

## CONCLUSION

Respondent's 2004 pardon relieved him of all consequences of his conviction for the foregoing reasons. The General Assembly's 2005 and 2008 amendments to section 23–3–430 of the South Carolina Code cannot be applied retroactively to Respondent's case. Thus, we affirm the circuit court's order relieving Respondent of the requirement to register as a sex offender.

AFFIRMED.

PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.