**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jane Doe, Respondent,

v.

James R. Metts, Sheriff, Lexington County, and Robert Stewart, South Carolina Law Enforcement Division, Appellants.

Appellate Case No. 2009-145426

———————

Appeal From Lexington County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-612
Submitted October 2, 2012 – Filed November 14, 2012

———————

**AFFIRMED**

———————

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General David A. Spencer, of Columbia, for Appellants.

James Mixon Griffin, of Lewis Babcock & Griffin, LLP, of Columbia, for Respondent.

———————

**PER CURIAM:** In this declaratory judgment action, the Sheriff of Lexington County and the South Carolina Law Enforcement Division (SLED) (collectively, Appellants) appeal the trial court's order finding Jane Doe relieved from the sex offender registration requirements due to her pardon. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Edwards v. State Law Enforcement Div.*, 395 S.C. 571, 576, 720 S.E.2d 462, 464 (2011) (holding Edwards' "pardon relieved [him] from all direct and collateral consequences of his pardoned crime, which would necessarily include placement on the sex offender registry and continuous compliance with its registration requirements"); *id.* at 576-77, 720 S.E.2d at 464-65 (holding the 2005 and 2008 amendments to section 23-3-430 of the South Carolina Code changed rather than clarified the law, and "[t]he purpose of the amendment evinces the legislature's intent to except the sex offender registry requirements from the broad relief afforded by the pardon statute"); *id.* at 580-82, 720 S.E.2d at 466-67 (declining to adopt the State's definition of remedial, and holding the legislature's 2005 and 2008 amendments to section 23-3-430 of the South Carolina Code are not procedural and cannot be retroactively applied).

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.