**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Stephon D., Appellant,

v.

South Carolina Department of Social Services, Respondent.

Appellate Case No. 2013-001942

Appeal From Richland County
Harry L. (Don) Phillips, Jr., Family Court Judge

Unpublished Opinion No. 2015-UP-438
Heard January 7, 2015 – Filed August 26, 2015

**REVERSED**

Joshua Snow Kendrick, of Greenville, and Christopher Shannon Leonard, of Columbia, both for Appellant.

Dennis M. Gmerek, of Columbia, for Respondent.

**PER CURIAM:** Appellant Stephon D. seeks review of a family court order denying his request to be removed from the Central Registry of Child Abuse and

Neglect (the Central Registry),[1] arguing the family court erred in retroactively applying a 2002 amendment to the statute governing the Central Registry. We reverse pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Elwell*, 403 S.C. 606, 612, 743 S.E.2d 802, 806 (2013) ("The cardinal rule of statutory construction is a court must ascertain and give effect to the intent of the legislature." (citation omitted)); *Edwards v. State Law Enforcement Div.*, 395 S.C. 571, 579, 720 S.E.2d 462, 466 (2011) (stating "absent a specific provision or clear legislative intent to the contrary, statutes are to be considered prospectively rather than retroactively, unless the statute is remedial or procedural in nature. . . . When a statute creates a new obligation or imposes a new duty, courts generally consider the statute prospective only." (citations omitted)); *Schall v. Sturm, Ruger Co.*, 278 S.C. 646, 650, 300 S.E.2d 735, 737 (1983) ("Finding nothing in this enactment beyond a statement of its 'effective date,' we must follow the well-settled rule that a statute may not be applied retroactively in the absence of [a] specific provision or clear legislative intent to the contrary." (citations omitted)).

**REVERSED.**

**WILLIAMS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] *See* S.C. Code Ann. § 63-7-1920 (2010) (providing the South Carolina Department of Social Services must maintain the Central Registry within its child protective services unit). On February 25, 2002, Appellant was notified of his placement on the Central Registry pursuant to then-South Carolina Code section 20-7-680. *See* Act No. 132, 1997 S.C. Acts 600–01 (current version at S.C. Code Ann. § 63-7-1920 (2010)). At that time, all names on the Central Registry were to be destroyed after seven years. *See* Act No. 132, 1997 S.C. Acts 601. In 2002, the General Assembly enacted "Stephanie's Law," substantially amending the sections of the Code governing South Carolina's child protective services system, and the legislation became effective on June 7, 2002. *See* Act No. 325, 2002 S.C. Acts 3505–22. Stephanie's Law removed the seven-year destruction provision from the Central Registry section, effectively making it a lifetime registry. Act No. 325, 2002 S.C. Acts 3521–22. The Central Registry provisions are now codified in the current version of the South Carolina Children's Code. *See* S.C. Code Ann. §§ 63-7-1910 through -1990 (2010 & Supp. 2014).