**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lake City College Preparatory Academy (LCCPA),
Appellant,

v.

South Carolina Public Charter School District,
Respondent.

Appellate Case No. 2014-002372

―――――――――――――

Appeal From The Administrative Law Court
John D. McLeod, Administrative Law Judge

―――――――――――――

Unpublished Opinion No. 2016-UP-376
Submitted July 5, 2016 – Filed July 19, 2016

―――――――――――――

**AFFIRMED**

―――――――――――――

Mark W. Buyck, III, of Willcox Buyck & Williams, PA, of Florence, and Johnny Elliot Watson, Sr., of Columbia, for Appellant.

Allen Mattison Bogan and Erik Tison Norton, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

―――――――――――――

**PER CURIAM:** Lake City College Preparatory Academy (Lake City) appeals an order of the Administrative Law Court (ALC) affirming a May 2014 decision by the Board of Trustees (the Board) for the South Carolina Public Charter School District (the District) to revoke Lake City's charter pursuant to the South Carolina Charter Schools Act of 1996 (the Act).[1] On appeal, Lake City argues: (1) the ALC erred by finding its charter was lawfully revoked under section 59-40-110 of the South Carolina Code (Supp. 2013); (2) section 59-40-110(C) is unconstitutional because it allows a charter school sponsor to be "both the accuser and finder of fact in a charter revocation hearing"; (3) the ALC erred by finding Lake City's revocation hearing was held within the time limits imposed by section 59-40-110(D); (4) the ALC erred by finding the Board's decision to revoke Lake City's charter was not arbitrary, capricious, or characterized by an abuse of discretion; (5) the ALC erred by finding the Board was legally constituted when it decided to revoke Lake City's charter; (6) the ALC erred by finding Lake City's revocation hearing was not "a sham by a biased school board"; (7) the ALC erred by finding the District did not violate the Act in deciding to revoke Lake City's charter; (8) the ALC erred by finding the District did not violate the Act by avoiding its responsibilities as Lake City's sponsor; (9) the ALC erred by finding Lake City was granted a meaningful opportunity to remedy its deficiencies; (10) the ALC erred by cutting Lake City's funding during the pendency of this case; and (11) the statute allowing a charter school's funding to be cut during the pendency of litigation is unconstitutional. We affirm pursuant to Rule 220(b), SCACR.[2]

1. Substantial evidence supports the ALC's ruling that the Board lawfully revoked Lake City's charter. *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2015) ("The court [of appeals] may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *id.* ("The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *Olson v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008) ("The ALC's

---

[1] S.C. Code Ann. § 59-40-10 to -240 (Supp. 2013).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

findings are supported by substantial evidence if, looking at the record as a whole, there is evidence from which reasonable minds could reach the same conclusion the administrative agency reached."); *id.* ("The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence."); S.C. Code Ann. § 59-40-110(C) (Supp. 2013) ("A charter must be revoked or not renewed by the sponsor if it determines that the charter school: (1) committed a material violation of the conditions, standards, or procedures provided for in the charter application; (2) failed to meet or make reasonable progress, as defined in the charter application, toward pupil achievement standards identified in the charter application; (3) failed to meet generally accepted standards of fiscal management; or (4) violated any provision of law from which the charter school was not specifically exempted.").

2.  We acknowledge that in certain circumstances, a sponsor could violate Article I, Section 22 of the South Carolina Constitution by allowing a person to perform investigative, prosecutorial, and adjudicative functions in reaching a decision to revoke a school's charter.  *See S.C. Ambulatory Surgery Ctr. Ass'n v. S.C. Workers' Comp. Comm'n*, 389 S.C. 380, 390, 699 S.E.2d 146, 152 (2010) ("Under our state Constitution, due process in the administrative context has been established by Article I, Section 22."); S.C. Const. art. I, § 22 ("No person shall be finally bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard; nor shall he be subject to the same person for both prosecution and adjudication; nor shall he be deprived of liberty or property unless by a mode of procedure prescribed by the General Assembly, and he shall have in all such instances the right to judicial review."); *Ross v. Med. Univ. of S.C.*, 328 S.C. 51, 69, 492 S.E.2d 62, 72 (1997) (recognizing "the purpose of [A]rticle I, [Section] 22 is to ensure adjudications are conducted by impartial administrative bodies"); *id.* ("Partiality exists where, among others, an adjudicator either has *ex parte* information as a result of prior investigation or has developed, by prior involvement with the case, a 'will to win.'"); *Garris v. Governing Bd. of S.C. Reinsurance Facility*, 333 S.C. 432, 444, 511 S.E.2d 48, 54 (1998) ("A party challenging the combination of investigative and adjudicative functions must convince the court that, under a realistic appraisal of psychological tendencies and human weakness, conferring both functions on the same individuals poses such a risk that it is likely to violate due process."); *id.* at 444-45, 511 S.E.2d at 54-55 (holding the South Carolina Reinsurance Facility "violated Article I, Section 22 because the same persons served as prosecutor and adjudicator," were "intimately involved in the investigative and prosecutorial processes," and formed premature opinions).  However, the record here indicates the Board members who adjudicated Lake City's charter revocation did not

perform investigative or prosecutorial functions, form premature opinions, or otherwise exhibit any partiality regarding the revocation of Lake City's charter. Accordingly, the Board did not violate Lake City's due process rights. *See, e.g.*, *Ross*, 328 S.C. at 69, 492 S.E.2d at 72 (ruling the president of the Medical University of South Carolina (MUSC)—who investigated Dr. Ross's conduct, terminated his employment, and testified as an adverse witness at an MUSC faculty committee hearing during which the committee recommended his termination be upheld—did not violate Article I, Section 22 by participating in the termination because he did not act as an adjudicator at the hearing).

3.  The ALC correctly ruled Lake City's revocation hearing was timely held pursuant to the Act. *See* S.C. Code Ann. § 59-40-110(D) (Supp. 2013) ("At least sixty days before not renewing or terminating a charter school, the sponsor shall notify in writing the charter school's governing body of the proposed action.").

4.  The ALC correctly ruled the Board's decision was not arbitrary, capricious, or an abuse of discretion. *See Deese v. S.C. State Bd. of Dentistry*, 286 S.C. 182, 184-85, 332 S.E.2d 539, 541 (Ct. App. 1985) ("A decision is arbitrary if it is without a rational basis, is based alone on one's will and not upon any course of reasoning and exercise of judgment, is made at pleasure, without adequate determining principles, or is governed by no fixed rules or standards."); *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 438, 629 S.E.2d 642, 650 (2006) ("An abuse of discretion occurs where the trial [court] was controlled by an error of law or where [its] order is based on factual conclusions that are without evidentiary support." (quoting *Tri-County Ice & Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 242, 399 S.E.2d 779, 782 (1990))).

5.  The ALC correctly ruled the Board had a quorum to revoke Lake City's charter, both at the March 13, 2014 meeting and at the May 8, 2014 revocation hearing. *See* S.C. Code Ann. § 59-40-230(A) (Supp. 2013) ("The South Carolina Public Charter School District must be governed by a board of trustees consisting of not more than nine members . . . ."); *Garris*, 333 S.C. at 453, 511 S.E.2d at 59 ("In the absence of any statutory or other controlling provision, the common-law rule that a majority of a whole board is necessary to constitute a quorum applies, and the board may do no valid act in the absence of a quorum."); *id.* ("A member who recuses himself or is disqualified to participate in a matter due to a conflict of interest, bias, or other good cause may not be counted for purposes of a quorum at the meeting where the board acts upon the matter.").

6. Lake City abandoned this issue on appeal. *See Hunt v. S.C. Forestry Comm'n*, 358 S.C. 564, 573, 595 S.E.2d 846, 851 (Ct. App. 2004) ("Issues raised in a brief but not supported by authority are deemed abandoned and will not be considered on appeal.").

7. The ALC correctly ruled the District did not violate the Act in revoking Lake City's charter. *See Olson*, 379 S.C. at 63, 663 S.E.2d at 501 ("The ALC's findings are supported by substantial evidence if, looking at the record as a whole, there is evidence from which reasonable minds could reach the same conclusion the administrative agency reached."); S.C. Code Ann. § 59-40-110(A) (Supp. 2013) ("A charter must be approved or renewed for a period of ten school years; however, the charter only may be revoked or not renewed under the provisions of subsection (C) of this section. The sponsor annually shall evaluate the conditions outlined in subsection (C). The annual evaluation results must be used in making a determination for nonrenewal or revocation.").

8. This issue is unpreserved because the ALC did not rule on whether the District violated the Act by failing to take responsibility for Lake City's special education. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Clarendon Cty. ex rel. Clarendon Cty. Assessor v. TYKAT, Inc.*, 394 S.C. 21, 26 n.2, 714 S.E.2d 305, 308 n.2 (2011) (stating if the ALC fails to rule on an issue properly before it, a party must file a Rule 59(e), SCRCP, motion requesting such a ruling to preserve the issue on appeal).

9. Substantial evidence supports the ALC's ruling that Lake City was granted a meaningful opportunity to remedy its deficiencies. *See Olson*, 379 S.C. at 63, 663 S.E.2d at 501 ("The ALC's findings are supported by substantial evidence if, looking at the record as a whole, there is evidence from which reasonable minds could reach the same conclusion the administrative agency reached."); S.C. Code Ann. § 59-40-55 (A) (Supp. 2013) ("A charter school sponsor shall . . . (5) conduct or require oversight activities that enable the sponsor to fulfill its responsibilities outlined in this chapter, including conducting appropriate inquiries and investigations, only if those activities are consistent with the intent of this chapter, adhere to the terms of the charter contact, and do not unduly inhibit the autonomy granted to public charter schools; . . . [and] (7) notify the charter school of perceived problems if its performance or legal compliance appears to be unsatisfactory and provide reasonable opportunity for the school to remedy the problem . . . .").

10.  The ALC correctly applied the amended version of section 59-40-110 and ruled a stay of Lake City's charter revocation was not warranted.  *See Edwards v. State Law Enf't Div.*, 395 S.C. 571, 579, 720 S.E.2d 462, 466 (2011) ("It is a well-settled rule of statutory construction that absent a specific provision or clear legislative intent to the contrary, statutes are to be construed prospectively rather than retroactively, unless the statute is remedial or procedural in nature."); *id.* at 580, 720 S.E.2d at 466 ("[A] 'procedural' law sets out a mode of procedure for a court to follow, or 'prescribes a method of enforcing rights.'" (quoting Black's Law Dictionary 1083 (1979))); S.C. Code Ann. § 59-40-110(J) (Supp. 2015) ("A decision to revoke or not to renew a charter school may be appealed to the [ALC] pursuant to the provisions of Section 59-40-90. Upon appeal to the [ALC], there is no automatic stay of the revocation or nonrenewal decision. Pending resolution of the appeal, the charter school also may move before the [ALC] for imposition of a stay of the revocation or nonrenewal on the grounds that an unusual hardship to the charter school will result from the execution of the sponsor's decision.").

11.  Lake City abandoned this issue on appeal.  *See Hunt*, 358 S.C. at 573, 595 S.E.2d at 851 ("Issues raised in a brief but not supported by authority are deemed abandoned and will not be considered on appeal."); *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory.").

**AFFIRMED.**

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**